IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| David Wayne Warrick, ) | |
| ) | Civil Action No. 8:13-242-JMC-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Randy Doran and ) | |
| Phil Ireland, ) | |
| ) | |
| Defendants. ) | |

The plaintiff, a pretrial detainee proceeding *pro se*, brought this action seeking damages pursuant to Title 42, United States Code, Section 1983, claiming defamation and false arrest by the defendant law enforcement officers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review pretrial matters in cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the district court.

By order filed February 12, 2013, the plaintiff was advised of his responsibility to notify the court *in writing* if his address changed (doc. 9). He was further advised that if as a result of his failure to comply with the order he failed to meet a deadline set by the court his case could be dismissed for violating the order. On July 24, 2013, the defendants filed a motion for summary judgment (doc. 39). By order of this court filed July 25, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. The plaintiff did not respond. As the plaintiff is proceeding *pro se*, the court filed a second order on September 16, 2013, giving the plaintiff through October 7, 2013, to file his response to the motion for summary judgment. The plaintiff was specifically

advised that if he failed to respond, this action would be dismissed for failure to prosecute. The plaintiff did not respond. The order was returned as undeliverable, no forwarding address on file, on September 25, 2013.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

>  (1) the degree of personal responsibility on the part of the plaintiff;
> 
>  (2) the amount of prejudice to the defendant caused by the delay;
> 
>  (3) the history of the plaintiff in proceeding in a dilatory manner; and,
> 
>  (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. It is solely through the plaintiff's neglect that he has failed to keep the court advised of his address and to respond to the motion for summary judgment. Meanwhile, the defendants are left to wonder when the action will be resolved. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed for lack of prosecution and failure to comply with the court's orders pursuant to Federal Rule of Civil Procedure 41(b).

s/Kevin F. McDonald  
United States Magistrate Judge

October 10, 2013  
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).